UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMEIO T. MACK,

    Petitioner,

v.                                           Case No. 8:08-cv-974-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
                                                    /

## **O R D E R**

Mack petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for both possessing and selling cocaine, for which Mack serves concurrent five-year sentences. The petition asserts a single claim of ineffective assistance of counsel. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 7) The respondent admits that Mack fully exhausted the ground asserted in the petition. (Response at 8 Doc. 7) The respondent offers no challenge to the petition's timeliness.

## **FACTS**[*]

On October 29, 2003, Mack sold crack cocaine to a confidential informant. The transaction, which was both observed and videotaped by officers Daniel and Seckley, occurred 163 feet from a church. A jury convicted Mack of both sale of cocaine within 1000 feet of a church and possession of cocaine.

---

[*] This summary of the facts derives from the Tampa Police Department's criminal report. (Respondent's Exhibit 1 at 8-9)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694.  See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Federal courts must afford due deference to a state court's decision.  "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010).

In a per curiam decision without a written opinion the state appellate court affirmed Mack's convictions and sentences on direct appeal.  Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Mack's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 5)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en

banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Mack bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  The state court's rejection of Mack's post-conviction claims warrants deference in this case.  (Respondent's Exhibit 1 at 83-86)  Although Mack asserted three claims of ineffective assistance of counsel in his motion for post-conviction relief, the federal petition contains only one ground for relief, a single claim of ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mack claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made

- 4 -

> errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. 2052.

<u>Sims v. Singletary</u>, 155 F.3d 1297, 1305 (11th Cir. 1998).

<u>Strickland</u> requires proof of both deficient performance and consequent prejudice. <u>Strickland</u>, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); <u>Sims</u>, 155 F.3d at 1305 ("When applying <u>Strickland</u>, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. <u>Strickland</u> requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Mack must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Mack must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Mack cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Mack must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its Strickland inquiry" and not independently assess

whether counsel's actions were reasonable. Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

The state court conducted an evidentiary hearing and denied Mack's claim of ineffective assistance of counsel with the following introduction.

> In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the U.S. Supreme Court provided the following standard for ineffective assistance of counsel:
>
>> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable . . . [T]he proper standard for attorney performance is of reasonably effective assistance.
>
> 466 U.S. at 686-687. In Downs v. State, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice. The test for prejudice is:
>
>> [T]hat there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Strickland, 466 U.S. at 694.

(Respondent's Exhibit 1 at 61) Because the state court correctly recognized that Strickland governs a claim of ineffective assistance of counsel, Mack cannot meet the "contrary to" test in Section 2254(d)(1). Mack instead must show that the state court

- 7 -

unreasonably applied <u>Strickland</u> or unreasonably determined the facts.  Because of the presumption of correctness and the highly deferential standard of review, the analysis of Mack's claim must start with the state court's analysis.  The state court rejected this claim as follows (Respondent's Exhibit 1 at 84-85) (citations to record omitted):

> In ground two of his Motions, Defendant alleges ineffective assistance of counsel for failure to file a motion to compel the identity of the confidential informant.  Specifically, Defendant contends that, as his defense was misidentification, the confidential informant's identity and testimony would have been significant as to that issue.  As such, Defendant argues, counsel's failure to move to compel the identity of the confidential informant rendered her performance deficient.  At the evidentiary hearing, counsel testified that Defendant had filed a motion for speedy trial, thereby depriving her of the ability to file a motion to compel the confidential informant's identity.  Further, however, counsel testified that, as a matter of strategy, she would not have sought the identity of the confidential informant, as doing so could have been detrimental to Defendant.  Specifically, counsel testified that Defendant had already been identified by Detective Daniels, and so she feared that compelling the identity of the confidential informant was dangerous as the informant may have substantiated that identification.  The Court finds counsel's testimony to be credible, and finds counsel's decision not to seek the informant's identity to be a strategic decision, and one that this Court will not second guess.  See <u>Johnson v. State</u>, 769 So. 2d 990, 1001 (Fla. 2000).  As such, Defendant warrants no relief on ground two of his Motions for Post-Conviction Relief.

Mack's defense was misidentification.  Because the videotape recording of the drug sale was dark and Mack was not clearly identifiable, trial counsel chose to not (1) file a motion to disclose the identify of the confidential informant, (2) depose the confidential informant, or (3) present the informant as a witness because counsel feared the confidential informant would positively identify Mack as the person who sold the cocaine.  (Respondent's Exhibit 1 at 138-39)  Instead, counsel preferred having only one identification witness, a surveillance officer who was videotaping the sale from inside the trunk of a car.  Trial counsel must decide which strategic and tactical option to pursue, such as deciding which witness or defense to present.  The state court's

deference to trial counsel is consistent with federal law.  See e.g., Dingle v. Sec'y, Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision [to not call a certain witness] appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"), quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983), Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (en banc), and Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel.").

Mack fails to prove that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established" controlling law or an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Consequently, the petition for the writ of habeas corpus lacks merit.

Accordingly, Mack's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Mack and close this case.

ORDERED in Tampa, Florida, on February 4, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE